C. B. FRANKLIN, ADM'R, ETC., v. TONJOURS & MICHAEL, SURVIVING PARTNERS, ETC.

(No. 154, Op. Book No. 1, p. 192.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ **506.** *Partnership; denial of, must be under oath.* Appellees, as surviving partners of one Conget, brought

this suit against appellant as administrator of said Conget, to recover money alleged to be the property of the partnership, and which money appellant had taken and was claiming as the individual property of his intestate. Appellant denied the alleged partnership between his intestate and appellees, but this denial was not sworn to, and, for that reason, was, upon exception thereto, stricken out. *Held*, it was not error to strike out the plea denying partnership. Such a plea must be sworn to. It cannot be questioned that in a suit by surviving partners against a third person, for a debt due the firm, the defendant could not be heard to deny the partnership, except under oath. When two partners sue a third, to wind up the business, and for an account, plaintiffs would not be required to prove the partnership unless it was denied under oath; and when the survivors sue the legal representative of a deceased partner, the rule is the same.

§ **507.** *Surviving partners; their rights, powers, duties, etc.* While, as to future dealings, a partnership is terminated by the death of one partner, yet for some purposes it may be said to subsist, and the rights and duties, powers and authority of the survivors remain, so far as is necessary to enable them to wind up and settle the affairs of the partnership; and upon a dissolution of a partnership by death, the surviving partners are allowed to close up the affairs of the firm, and to apply the partnership assets and effects in discharge of the debts and other obligations due by it. Their settlement with the creditors, and the management of the business of the partnership, is for the joint interest of themselves and the estate of the deceased partner. It is the duty of the surviving partners henceforth to cease altogether from carrying on the trade or business thereof; and if they act otherwise and continue the trade or business thereof, it is at their own risk, and they will be liable at the option of the representatives of the deceased partner to account for the profits made thereby, or to be charged with interest upon the deceased partner's share of the

profits, besides bearing all the losses. [Story on Partnership, §§ 343 to 348.]

**§ 508.** *Comments upon the evidence by. the court improper.* After the cause had been submitted to the jury on the law and the facts, the judge remarked in the hearing of the jury that he was satisfied the defendant had wrongfully taken the money. *Held,* the remark of the judge was improper, and well calculated to exercise an undue influence upon the minds of the jury, and was, to all intents and purposes, a charge upon the weight of evidence, for however slight the evidence of ownership of the money in controversy submitted by appellant, he had a right to have it weighed and passed upon by the jury. [Ralph Levy & Co. v. McDowell & Field, 45 Tex. 220.]

**§ 509.** *Surviving partners, in suit against legal representative of deceased partner to recover partnership funds, must show what.* To entitle appellees to recover in this suit, it was incumbent upon them to prove that the money in controversy was the property of the firm, and that it was required to meet the firm liabilities. If there were no debts against the firm,—no firm liabilities for which the money was subject,—appellees were not entitled to recover in this suit. Unless they needed the money to pay partnership debts, they were only entitled to recover their share of it on a settlement of partnership accounts.

October 3, 1877.    Reversed and remanded.